UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENJAMIN MATTERN,

 Plaintiff,

 **ANSWER**

v.

 Civil Action No.:
THE RECEIVABLE MANAGEMENT SERVICES    09 CV 6245
CORPORATION.

 Defendant.

---

 Defendant, The Receivable Management Services Corporation,  by its attorneys, Damon

& Morey LLP, for its answer to the plaintiff's Complaint hereby alleges upon information and

belief as follows:

 1. Defendant denies the allegations contained in paragraph 1 inasmuch as plaintiff

purports to state a legal conclusion.

 2. Defendant denies the allegations contained in paragraph 2 inasmuch as plaintiff

purports to state a legal conclusion.

 3. Defendant lacks knowledge or information regarding plaintiff's current address

and denies the remaining allegations contained in paragraph 3 of the complaint.

 4. Defendant denies that the zip code as alleged is correct and otherwise admits the

allegations contained in paragraph 4 of the complaint.

 5. Defendant lacks knowledge or information sufficient to form a belief with respect

to the allegations contained in paragraph 5 of the complaint.

 6. Defendant denies the allegations contained in paragraph 6 of the complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the complaint, and states that the task of collecting the debt was assigned to defendant.

8.      Defendant denies the allegations contained in paragraph 8.

9.      Defendant admits that it began contacting Plaintiff in February of 2009, and denies the remaining allegations contained in that paragraph.

10.     Defendant denies the allegations contained in paragraph 10.

11.     Defendant denies the allegations contained in paragraph 11.

12.     Defendant denies the allegations contained in paragraph 12.

13.     Defendant admits that messages were left for the plaintiff, but lacks knowledge or information at this time with respect to the accuracy of the language quoted by plaintiff in paragraph 13.

14.     Defendant lacks knowledge or information at this time with respect to the accuracy of the language quoted by plaintiff in paragraph 14.

15.     Defendant lacks knowledge or information at this time with respect to the accuracy of the language quoted by plaintiff in paragraph 15.

16.     Defendant denies the allegations contained in paragraph 16 of the complaint.

17.     Defendant repeats and realleges each and every response to the allegations contained in the foregoing paragraphs with the same force and effect as though fully set forth.

18.     Defendant denies the allegations contained in paragraph 18 of the complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the complaint.

25.     Defendant repeats and realleges each and every response to the allegations contained in the foregoing paragraphs with the same force and effect as though fully set forth.

26.     Defendant lacks knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 26 of the complaint; moreover, the document speaks for itself.

27.     Defendant denies the allegations contained in paragraph 27 of the complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the complaint.

29.     Defendant denies the allegations contained In paragraph 29 of the complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the complaint.

33.     Defendant repeats and realleges each and every response to the allegations contained in the foregoing paragraphs with the same force and effect as though fully set forth.

34.     Defendant responds to the allegations contained in paragraph 34 by denying the allegations inasmuch as plaintiff purports to state a legal conclusion.

35.     Defendant denies the allegations contained in paragraph 35 of the complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the complaint.

40.     Defendant repeats and realleges each and every response to the allegations contained in the foregoing paragraphs with the same force and effect as though fully set forth.

41.     Defendant responds to the allegations contained in paragraph 41 by denying the allegations inasmuch as plaintiff purports to state a legal conclusion.

42.     Defendant denies the allegations contained in paragraph 42 of the complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the complaint.

45.     Defendant denies each and every allegation of the plaintiff's complaint not otherwise admitted or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46.     The complaint fails to state a cause of action against this defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47.     The Fair Debt Collection Practices Act does not apply, inasmuch as this was not a consumer debt.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48.     Pursuant to 15 U.S.C.§1692k(c), to the extent that a violation is established, any such violation was not intentional and resulted from a bonafide error, not withstanding maintenance of procedures reasonably adopted to avoid any such error.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49.     New York State does not acknowledge a common law tort for invasion of privacy.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50.     Plaintiff may not bring a claim for violation of General Business Law §601 because the statute does not permit a private right of action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51.    General Business Law §349 is not applicable to debt collection practices as it is

preempted by GBL §601 *et seq.*.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52.    There is no basis for any award of punitive damages.

## AS AND FOR A FIRST COUNTERCLAIM

53.    It is readily apparent that plaintiff has no viable cause of action against defendant

based on the nature of the debt, long-standing decisional law and the cited statutes themselves.

**WHEREFORE,** defendant, The Receivable Management Services Corporation, demands

judgment as follows:

a.    Dismissing the Complaint herein;

b.    awarding the costs, fees, and disbursements of defending this action

together with such other and further relief as to this Court may seem just and proper; and

c.    awarding judgment on the counterclaim in an amount to be determined by

the court together with attorney's fees.


**DATED**:   Buffalo, New York
             July 2, 2009

DAMON MOREY LLP

By:  */s/* Hedwig M. Auletta
       Hedwig M. Auletta, Esq.
       Attorneys for Defendant
       The Receivable Management Services
       Corporation
       The Avant Building-Suite 1200
       200 Delaware
       Buffalo, New York  14202-
       Telephone: (716) 856-5500
       hauletta@damonmorey.com

5

6

**TO:**   Sergei Lemberg, Esq.
        Lemberg & Associates, LLC
        Attorneys for Plaintiff
        Benjamin Mattern
        1100 Summer Street, 3rd Floor
        Stamford, CT  06905
        Telephone:  (203) 653-2250
        slemberg@lemberglaw.com

## CERTIFICATE OF SERVICE AND FILING

I, Hedwig M. Auletta, Esq., certify that on   July 2, 2009, I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF system, who sent notification of such filing to the following:

> Sergei Lemberg, Esq.
> Lemberg & Associates, LLC
> Attorneys for Plaintiff
> Benjamin Mattern
> 1100 Summer Street, 3rd Floor
> Stamford, CT  06905
> slemberg@lemberglaw.com

> By: */s/* Hedwig M. Auletta
> Hedwig M. Auletta, Esq.
> Damon Morey, LLP
> Attorneys for Defendant
> The Receivable Management Services Corporation
> The Avant Building-Suite 1200
> 200 Delaware
> Buffalo, New York  14202-
> Telephone: (716) 856-5500
> hauletta@damonmorey.com

#1345712